Welch, J.
By the constitution (art. x. sec. 2) the power of fixing the times for the election of county officers is vested in the legislature. When a time has been so fixed any election held at a different time is unauthorized and void. The act of April 18,1870, having repealed all prior laws on the subject, its first section contains the only provision fixing the time for the election of county auditors. The single question in the case, therefore, is, what time does that section fix for the election? Is it the second Tuesday in October, 1870, the date of relator’s election, or is it the second Tuesday in October, 1871 ? We have no hesitation in saying that the latter date was intended. The section consists of two provisions, First, it prolongs the old terms from March, 1871, to November, 1871; and, secondly, it provides for the election of successors on the second Tuesday of October next preceding the *174 expiration of the terms thus prolonged. The language is, “ The terms as herem provided.” The terms as therein provided were to expire in November, 1871, and the October next preceding their expiration, would be October, 1871, just as unmistakably as if the act had said so'in direct language. Nor can this plain meaning of the legislature, in regard to the time of holding the election, be varied, or annulled, by any want of power to make the other provision of the section, which professes to prolong the old terms of the office. The power to fix the time of the election is plenary, and independent of any action or non-action in regard to the old terms. It was competent for the legislature to fix the election for October, 1871, and at the same time leave the old terms to expire in March, 1871. It is quite probable, had the legislature not supposed they had the power to prolong the old terms, they would have fixed the second Tuesday of October, 1870, instead of 1871, as the time for the election of successors. But the question is not what they would have done, under other circumstances, but what they have done. They have plainly fixed the election on the second Tuesday of October, 1871. It is, therefore, useless, and it would be going out of the case, and in effect deciding the rights of parties not before us, to inquire whether the legislature had the constitutional power to prolong the old terms of office. Whether they had or had not this power, they have fixed the election for October, 1871. And we can see no force or logic in the argument by which it is attempted, first, to strike from the section the words of the proviso prolonging the term, and then, by a literal rendering of the remaining words of the section, by themselves considered, to determine the time fixed for the election. This would be to mutilate the section, and garble its meaning. The legislative intention must not be confounded with their power to carry that intention into effect. To refuse to give force and vitality to a provision of law is one thing, and to refuse to read it is a very different thing. It is by a mere figure of speech that we say an unconstitutional provision of a statute is “ stricken out.” For all the purposes of construction it is to be regarded as part of *175 the act. The meaning of the legislature must be gathered from all they have said, as- well from that which is ineffective for want of power, as from that which is authorized by law. Read in this way the meaning of the section admits of no controversy. It fixes the election on the second Tuesday of October next preceding the expiration of the term as so prolonged, which will be the second Tuesday in October, 1871.
Mandamus refused. '
Bbinkerhoff, C.J., and Scott, White, and Day, JJ., concurred.